IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| **JIMMY SCOTT ELKINS,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 7:12CV00002 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **DEPUTY GARDNER,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jimmy Scott Elkins, Pro Se Plaintiff.*

Jimmy Scott Elkins, an inmate proceeding pro se, brings this civil rights action pursuant to 42 U.S.C.A. § 1983 (West 2006), alleging that a defendant state official is liable for monetary damages for actions contributing to Elkins' wrongful detention on federal criminal charges. I have reviewed the record and summarily dismiss the action without prejudice.

Elkins is currently incarcerated pending ongoing criminal proceedings against him in this court, Case No. 2:10CR00017. Elkins is charged in a one-count Indictment with possessing firearms while subject to a domestic protective order, in violation of 18 U.S.C.A. § 922(g) (West 2000). The protective order at issue was entered in July 2010 by the Wise County Juvenile and Domestic Relations Court ("JDR Court"). In November 2010, while the protective order was in effect, police reported to the scene of unrelated incidents in which family members

accused Elkins of violent acts. After the second incident, police arrested Elkins and in a subsequent search of his parents' residence, found the firearms referenced in the Indictment.

In his § 1983 complaint, Elkins asserts that the defendant, Deputy Gardner, a bailiff for the JDR Court, failed to provide Elkins with the part of the Protective Order notifying him that possessing firearms while subject to the Protective Order violated federal law. Elkins alleges that Gardner admitted that he only provided Elkins with the part of the Order stating that possession of firearms while under the Protective Order violated state law. Once Wise County officials discovered that Elkins possessed firearms, they contacted federal authorities, who then brought the federal charge against Elkins. Elkins has been detained since his arrest in November 2010, and seeks "monetary relief for [his] incarceration due to the violation of [his] Due Process by Deputy Gardner."

Elkins claims that Gardner's actions contributed to his wrongful detention. Specifically, Elkins asserts that Gardner's failure to provide him with the complete protective order prevented Elkins from receiving notice that his possession of firearms violated federal criminal statutes, and as a result, Elkins possessed firearms, was charged for a federal crime he allegedly did not know he was committing, and has been detained for over a year on that charge. I find that Elkins' claim is not actionable at this time under § 1983.

-2-

Case 7:12-cv-00002-JPJ-RSB   Document 7   Filed 03/26/12   Page 2 of 3   Pageid#: 17

A claim seeking monetary damages for actions that contributed to plaintiff's criminal charges and pretrial detention is not actionable under § 1983 if the claim would necessarily require plaintiff to prove the invalidity of his confinement. *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). If Elkins could prove that Gardner's action caused him to be wrongfully charged with criminal conduct and detained, such proof would necessarily invalidate Elkins' current confinement and any subsequent conviction. Therefore, Elkins' claim for damages under § 1983 will be actionable, if at all, only when Elkins proves that the criminal proceedings ended in his favor, that his conviction has been overturned on appeal or in habeas corpus proceedings, or that his confinement has been declared illegal by some other judicial means. *Heck*, 512 U.S. at 481-82. Because the principle in *Heck* bars Elkins from proceeding with his damages claim against Gardner at this time, I will summarily dismiss the complaint without prejudice, pursuant to 28 U.S.C.A. § 1915A(b)(1) (West 2006), as legally frivolous.

A separate Final Order will be entered herewith.

DATED: March 26, 2012

/s/ James P. Jones
United States District Judge

-3-
Case 7:12-cv-00002-JPJ-RSB   Document 7   Filed 03/26/12   Page 3 of 3   Pageid#: 18